HENSHAW v. CURTIS COE AND JOSEPH COE, EXECUTORS OF JOSEPH COE, DECEASED.

The assignee of a note, can have no right of action against the assignor, unless a recovery on the note is prevented; because nothing is due, or that the promisor was insolvent at the time of assignment; or by some act of the assignor, operating as a discharge; and if the assignee receive part of the promisor, by that act, he accepts of him as payor for the whole.

ERROR from the Court of Common Pleas. Henshaw brought his action on the case against the defendants. The declaration contained two counts:

1. That in November, 1769, one Elisha Clark (since dead) executed a promissory note to the testator for £18 10s. And in August, 1771, for the consideration of £20 8s. 9d. (being the principal and interest then due) the testator assigned it to the plaintiff. That the plaintiff had demanded payment of Clark, who refused, of which he had given notice to the testator; whereupon he became liable, assumed, etc.

2. Count for money had and received.

The defendants pleaded to the first count. That having prayed oyer of the note, there appeared to be indorsed on the back thereof by the plaintiff, £6 12s. 6d., received of said Clark, in January, 1779; and in April, 1780, judgment was rendered for the remainder. That at the time of the assignment of said note to the plaintiff, and for several years after, said Clark was abundantly able to discharge the debt. That the plaintiff did not prosecute said note in the law, until more than eight years after he received it; nor did he within that time give any notice to the testator, or the defendants, that said Clark had refused payment; but held the same in his own custody, without offering to return it; that said Clark is now dead, insolvent, and the contents of said note lost.

That the second count is for the same matter, cause and thing alleged in the first count.

Henshaw v. Coe et al.

The plaintiff demurred generally — and judgment was rendered for the defendants.

The error assigned was, that the plea in bar was in substance the general issue, and contained only a denial of the facts stated in the declaration; therefore could not be pleaded in bar, but if true, ought to have been given in evidence under the general issue.

Mr. Dana and Mr. Woodruff, for the defendants in error, pleaded in abatement, that the plaintiff appealed from the judgment of the Court of Common Pleas during the sitting of the court, and entered bonds therefor, according to law; therefore final judgment was not yet rendered in said cause.

Mr. Miller, for the plaintiff in error, demurred, because no duty had been paid on the appeal — and the plea was adjudged insufficient.

By the whole COURT. The appeal was void, the state duty not having been paid and certified as the law directs; therefore no process was pending thereon. The defendants then pleaded *in nullo est erratum* — and the judgment of the Court of Common Pleas was affirmed.

By the whole COURT. By the assignment of the note declared upon, the plaintiff was fully empowered to recover and receive the money due thereon, of Elisha Clark, who executed the note: And therefore the defendants could not be liable to any action thereon, unless the plaintiff should show that the money could not be recovered or obtained from Clark, either on account of its not being due, or the promisor being insolvent at the time of the assignment, or some act of the assignor to discharge it afterwards: Neither of which is alleged in the present case. And Clark, years after the assignment, became and is insolvent. And the plaintiff, by receiving part of the money due on the note of the promisor, is considered in law as accepting him payor for the whole.